NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4850-15T2

IN THE MATTER OF TELINA HAIRSTON,
CITY OF EAST ORANGE POLICE DEPARTMENT.

________________________________________

 Submitted August 30, 2017 – Decided September 7, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the New Jersey Civil Service
 Commission, Docket No. 7114-15.

 Weiner Law Group, LLP, attorneys for appellant
 City of East Orange Police Department (Mark
 A. Tabakin, of counsel; Patricia C. Melia, on
 the briefs).

 Caruso Smith Picini, PC, attorneys for
 respondent Telina Hairston (Timothy R. Smith,
 of counsel; Wolodymyr P. Tyshchenko, on the
 brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Civil Service
 Commission (Pamela N. Ullman, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM

 The City of East Orange Police Department appeals the Civil

Service Commission's final agency decision reversing the City's

100 calendar day suspension of police officer Telina Hairston.
The Commission adopted an administrative law judge's determination

that a reversal of the suspension was required because the City

failed to file its disciplinary complaint against Hairston within

the forty-five day time period required by N.J.S.A. 40A:14-147.

We vacate the Commission's decision and remand for further

proceedings.

 The incident giving rise to the disciplinary action against

Hairston occurred on December 28, 2013, when the police department

experienced a high volume of emergencies and had too few officers

on duty. To address the shortage of officers, Hairston was ordered

to continue working beyond her scheduled 8:00 a.m. to 4:00 p.m.

shift. She refused the order, alleging she could not continue to

work because she was required to attend to her children at her

home. Hairston reported she was sick and left work at

approximately 7:00 p.m.

 Later that evening, Hairston went to a birthday party at a

hotel. Other police officers who also attended the party reported

seeing Hairston there to the police department.

 The department's Professional Standards Unit conducted an

investigation of Hairston's refusal to comply with the order to

continue working, her claim she could not work because she was

required to care for her children, her report of being sick, and

 2 A-4850-15T2
her attendance at the party. The Unit issued a May 12, 2014

investigative report to the Chief of Police.

 On June 26, 2014, the police department issued a preliminary

notice of disciplinary action (PNDA) charging that on December 28,

2013, Hairston willfully refused a direct order, neglected her

duties, and "reported out of duty due to illness knowing she was

not ill." The PNDA also alleged Hairston violated a March 24,

2014 "Last Chance Agreement" between her and the City, and charged

Hairston with violating department rules, regulations and a

general order. It also cited Hairston for violating N.J.A.C.

4A:2-2.3(a)(12), which permits the imposition of discipline for

"[o]ther sufficient cause." The PNDA advised Hairston that the

City might take action to suspend her for 180 working days or

remove her from her position.

 Hairston filed a motion with the Commission requesting

dismissal of the portion of the PNDA charging her with violating

the Last Chance Agreement. In a December 19, 2014 decision and

order, the Commission granted Hairston's motion and directed the

City "to amend the [June 26, 2014] PNDA and delete any reference

to the 'Last Chance Agreement.'"

 In accordance with the Commission's order, on January 8,

2015, the City filed an amended PNDA, deleting only the charge

alleging a violation of the Last Chance Agreement, and reducing

 3 A-4850-15T2
the potential suspension period from 180 to 100 days. The amended

PNDA otherwise asserted charges identical to those in the original

June 26, 2014 PNDA.

 A City hearing officer sustained the charges and determined

Hairston should be suspended for 100 days. The City subsequently

issued a final notice of disciplinary action implementing the 100-

day suspension. Hairston appealed to the Commission.

 Following an evidentiary hearing, an administrative law judge

issued a written initial decision reversing the 100-day

suspension. The judge found Hairston was insubordinate by failing

to comply with a direct order to continue working, committed

neglect of duty by invoking sick leave when she was not ill, and

violated the department's rules and regulations prohibiting

malingering by feigning illness to avoid performing her duties.

The judge also found Hairston violated the City's sick leave

policy.

 Nevertheless, the judge dismissed the charges against

Hairston, finding the City failed to file the charges within the

forty-five day period required under N.J.S.A. 40A:14-147. Noting

the statute requires that charges be filed within forty-five days

of the time the department "obtain[s] sufficient information to

file the matter upon which the complaint if based," N.J.S.A.

40A:14-147, the judge observed that the Professional Services Unit

 4 A-4850-15T2
investigation report was completed on May 12, 2014, and found the

charges were not filed until January 2015. The judge dismissed

the charges, finding they were not filed within the statute's

forty-five day deadline, and entered an order reversing the 100-

day suspension.

 The City filed exceptions to the judge's initial decision and

order with the Commission,1 but the Commission never directly

considered them. A lack of a quorum caused multiple adjournments,

but the Commission ultimately adopted by default the judge's

initial decision as its final agency decision in accordance with

N.J.S.A. 52:14B-10(c), and awarded Hairston counsel fees pursuant

to N.J.A.C. 4A:2-2.12. This appeal followed.

 Our review of an agency's decision is limited. In re

Stallworth, 208 N.J. 182, 194 (2011). We "afford[] a 'strong

presumption of reasonableness' to an administrative agency's

exercise of its statutorily delegated responsibilities." Lavezzi

v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat.

Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539, cert.

denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980)).

A reviewing court "should not disturb an administrative agency's

1
 Hairston did not file any exceptions to the judge's findings
that she committed the offenses charged in the final notice of
disciplinary action.

 5 A-4850-15T2
determinations or findings unless there is a clear showing that

(1) the agency did not follow the law; (2) the decision was

arbitrary, capricious, or unreasonable; or (3) the decision was

not supported by substantial evidence." In re Virtua-West Jersey

Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

The party challenging the agency's action has the burden of proving

that the action was arbitrary, capricious, or unreasonable.

Lavezzi, supra, 219 N.J. at 171.

 Here, the Commission's determination that the charges were

filed beyond the time permitted by N.J.S.A. 40A:14-147 was based

on the erroneous finding that the charges were first filed on

January 8, 2015. That was simply not the case. The record

establishes the charges were first filed on June 26, 2014.2

Indeed, Hairston filed a motion challenging the inclusion of the

Last Chance Agreement charge in the June 26, 2014 PNDA, and the

Commission, in its December 19, 2014 decision on the motion, found

the charges were first filed on June 26, 2014. Of course, Hairston

could not have filed a motion in 2014 challenging charges that had

not yet been filed, and the Commission could not have issued a

decision in December 2014 concerning charges that were first filed

one month later in January 2015. Nor could the Commission have

2
 Hairston does not dispute that the original charges were first
filed on June 26, 2014.

 6 A-4850-15T2
directed in December 2014 that the City amend charges that had not

been previously filed.

 The Commission's dismissal of the charges based on the finding

they were first filed in January 2015 is not supported by the

record and, for the reasons stated, contradicts the Commission's

prior factual findings and decision. The Commission therefore

erred in concluding the charges were time-barred under N.J.S.A.

40A:14-147.

 Hairston contends the Commission's determination was proper

because the City failed to introduce the June 26, 2014 PNDA into

evidence. She argues that because only the January 2015 PNDA was

introduced into evidence, the record supports the Commission's

determination that the charges were first filed in 2015. We are

not persuaded. Hairston ignores that she filed a motion in 2014

challenging the charges contained in the June 26, 2014 PNDA and,

as such, is fully aware the original charges were filed on June

26, 2014.

 Moreover, there was no requirement that the June 26, 2014

PNDA be introduced into evidence. The Commission had already

determined in its December 19, 2014 decision and order that the

charges were first filed on June 26, 2014. We are satisfied the

administrative law judge and Commission erred by ignoring the

Commission's prior determination that the charges were filed on

 7 A-4850-15T2
June 26, 2014, and finding the charges were time-barred under

N.J.S.A. 40A:14-147.

 We do not, however, reverse the Commission's final agency

decision. Hairston's challenge to the timeliness of the charges

requires a determination as to when the department obtained

sufficient information to file the June 26, 2014 PNDA. See N.J.S.A.

40A:14-147; Grubb v. Borough of Hightstown, 331 N.J. Super. 398,

405 (Law Div. 2000) (holding that "a violation of the internal

rules and regulations established for the conduct of a law

enforcement unit," N.J.S.A. 40A:14-147, must be filed within

forty-five days "after the date on which the department obtain[ed]

'sufficient information' to file the complaint"), aff'd, 353 N.J.

Super. 333 (App. Div. 2002). Although the Commission erred in

finding the charges were first filed in January 2015 and

incorrectly dismissed the charges on that basis, the record is

inadequate to permit a determination as to whether the charges

were otherwise timely filed under N.J.S.A. 40A:14-147.

 The City contends that sufficient information to file the

PNDA was first supplied with the Professional Standards Unit's May

12, 2014 report. Hairston argues the City had sufficient

information prior to the issuance of the report. The disagreement

presents factual disputes that must be decided in the first

 8 A-4850-15T2
instance by the Commission after the development of an evidentiary

record.

 The City correctly states that the forty-five day deadline

applies only to charges alleging violations of the department's

"internal rules and regulations." N.J.S.A. 40A:14-147. The PNDA

alleges violations of the department's rules and regulations, but

also charges there is "other sufficient cause" for the imposition

of discipline. See N.J.A.C. 4A:2-2.3(a)(12). We agree the

separate charge alleging "other sufficient cause" for the

imposition of discipline is not subject to the time-bar under

N.J.S.A. 40A:14-147. The Commission erred in finding otherwise.

We also observe that neither the administrative law judge nor the

Commission made a separate determination on that charge. On

remand, they shall do so.

 We are therefore constrained to vacate the final agency

decision in its entirety and remand for a determination as to

whether those portions of the June 26, 2014 charges (as amended

in January 2015), alleging a violation of the department's rules

and regulations were timely under N.J.S.A. 40A:14-147. The

Commission shall also determine and make findings as to whether

the department proved there was "other sufficient cause" for the

imposition of discipline. If it is determined that the rules and

regulations charges were timely, or that there was other sufficient

 9 A-4850-15T2
cause for the imposition of discipline, the Commission shall

determine if the discipline imposed was appropriate. Any

determination by the Commission on an award of attorney's fees

shall abide its decisions on the other issues on remand.

 We vacate the final agency decision and remand for further

proceedings consistent with this opinion. We do not retain

jurisdiction.

 10 A-4850-15T2